Filed 8/11/25  Lotito-Hengl v. Davies-Calagna CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| STEPHANIE NICOLE LOTITO-HENGL, | C100828 |
| Plaintiff and Respondent, | (Super. Ct. No. SDR0048240) |
| v. | |
| NICHOLAS ANTONE DAVIES-CALAGNA, | |
| Defendant and Appellant; | |
| PLACER COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

Appellant Nicholas Antone Davies-Calagna appeals the trial court's child support and child custody orders involving his son and his former partner respondent Stephanie Nicole Lotito-Hengl.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The trial court certified a settled statement explaining appellant and respondent had one child together, born in 2014.  The parties also had children through other

1

relationships and were married to other people at the time of this case. The court held an evidentiary hearing on child custody over several days in March and June 2023. After the matter was taken under submission but before the court issued its order "[a]ppellant was arrested for felony domestic violence charges in Sacramento County." The court held a reopened hearing in November 2023 and March 2024. The settled statement summarized the witnesses who testified at the custody hearings regarding the parties' history, care of the parties' child, and care of their other children. Appellant testified at the reopened hearing and "admitted to domestic violence[,] stating he's 'done a DV' with his wife for which he served 45 days in jail."

The trial court filed a statement of decision for custody on May 13, 2024. The decision stated the court found, "[T]he credible evidence at trial establishes that [appellant] was arrested for domestic violence in June 2023 against his current wife. [Appellant] readily admits that he was arrested and admits that he was convicted of Penal Code [section] 245[, subdivision (a)(1)], [a]ssault with a [d]eadly [w]eapon or [f]orce [l]ikely to [p]roduce [g]reat [b]odily [i]njury, a felony." The court, however, acknowledged "[appellant's] concerns about previous domestic violence in [respondent's] home [were] reasonable given the evidence produced at trial from [respondent's husband] and [respondent]," so there was "potential for [the child] to witness domestic violence in [respondent's] home." But "Family Code [section] 3044 applie[d] to [appellant] as he was convicted of a felony count of Penal Code section 245[, subdivision ](a)(1)," and this conviction "is a domestic violence crime pursuant to Family Code [section] 3044[, subdivision ](c) as the crime involves a conviction for placing a person in reasonable apprehension of imminent serious bodily injury." The court then listed items that could later overcome the rebuttable presumption of Family Code[1]

---

[1] Further undesignated section references are to the Family Code.

section 3044, including appellant completing an in-person anger management program, attending therapy, and not being arrested again for domestic violence.

The trial court ultimately ordered for custody: "[Respondent] shall have sole legal custody of the minor child until further order of the court." The court acknowledged there was evidence the child had been exposed to domestic violence in both homes, but it gave "substantial weight to the fact that [appellant] has most recently been convicted of a felony count of Penal Code [section] 245[, subdivision ](a)(1) against his current spouse and [wa]s receiving treatment and supervision in the Sacramento Superior Court's Mental Health Court." Thus, the court would "consider modification of this order after the [Family Code section] 3044 presumption has been rebutted." (Underscoring omitted.) Appellant was given physical custody rights on alternating weekends.

The record also includes a notice of hearing respondent filed on September 15, 2023, requesting a change to a child support order. Appellant filed a response to the request on October 31, 2023. The court filed a form order on March 18, 2024, after a March 6, 2024 hearing at which appellant was present, ordering appellant pay $646 in monthly child support. The order also included a printout of the parties' income and expenses showing how the child support was calculated. The settled statement does not mention the child support hearing or order.

Appellant appeals both the child support and child custody orders.

DISCUSSION

It is a "well-established rule of appellate review that a judgment or order is presumed correct." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) This basic rule applies to all litigants, including those who represent themselves on appeal. Self-represented litigants are not entitled to special treatment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) "Pro[pria] per[sona] litigants are held to the same

standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

Appellant, who is self-represented, filed a brief with very little to no analysis, legal citations, or citations to the record to support his seven asserted issues of error for the child support and child custody orders.[2] These deficiencies undermine all of appellant's assertions of error, but we will discuss each issue individually and analyze how these incomplete assertions specifically fail to establish the trial court erred.

I

*Appellant Has Not Established Reversible Error With The Child Support Order*

Appellant makes four challenges related to child support. Appellant first argues there was a "lack of service," and after citing to section 215 appellant's complete analysis on the issue is: "Proof of [s]ervice not filed: [Respondent] did not service [*sic*] [appellant] the original motion nor her income and expense declaration as required by the court. No proof of services [*sic*] exist in the court index." (Some capitalization omitted.) But appellant's analysis fails to address waiver. "It is well settled that the appearance of a party at the hearing of a motion and his or her [or their] opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he[, she, or they] had no notice of the motion or that the notice was insufficient or defective." (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.) Appellant filed a response to the child support motion on

---

[2]     Respondent did not file a brief.

October 31, 2023, and he attended the hearing to change child support on March 6, 2024. Based on these facts, even assuming there was error in service, appellant has not established he did not waive improper service.

Appellant's second argument is headed: "Failure to File Income and Expense Declaration." (Some capitalization omitted.) Appellant's complete analysis here is: "The income and expense declaration was not filed with the motion. The law states that the motion should be dismissed if this information is not filed with the motion." (Some capitalization omitted.) However, appellant notes in the background section of his brief respondent did eventually file the documents, stating: "[Respondent] did not provide the income and expense declaration until November 14, 2023." Appellant provides no legal support establishing a dismissal is warranted under these circumstances. The only law he cites is to California Rules of Court, rule 5.260, but this rule simply requires parties to file income and expense declarations; it does not mandate reversal when a party fails to file such statements at the time the motion is filed. (Cal. Rules of Court, rule 5.260(a).) Presenting no other legal support for his position, we must conclude appellant has not carried his burden of establishing reversible error here.

Appellant's third and fourth assertion are related. Appellant contends the trial court incorrectly calculated his income, stating: "[Appellant's] monthly income was incorrectly calculated based on a six-month work period rather than the accurate eight-month work period. Under [section] 4055, child support must be determined using accurate financial data." Appellant also asserts: "The trial court erred in stating [appellant] could not deduct medical insurance. . . . [¶] . . . [¶] The judge would not take in consideration that [appellant's] spouse has solely carried medical/dental/vision [insurance] for his son since 2016. The above law states it should be considered in the calculation." These arguments lack merit because there are no citations to the record for what information the trial court considered and how the trial court made its decisions, nor can we locate any such documents in the record independently. The only documentation

5

for the child support order is respondent's request, appellant's response, and the court's final order, but there is no reporter's transcript for the hearing and this hearing is not mentioned in the settled statement. Without this information we cannot assess whether and how the trial court considered these issues and if it in fact made the errors appellant asserts it did. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276-277 ["By failing to provide adequate record citations or make any cognizable claims of error concerning the new trial motion, [the] appellants have waived any challenge to the denial of their motion for a new trial"].) Appellant appears to blame the trial court for this shortcoming, stating in the background section of his brief he requested a profit and loss statement be included in the record, but this "was not provided by the Placer County Court Clerk for this appeal." But "[i]t is well established that error cannot be presumed, and it is *the appellant's burden* to provide a record sufficient to show the asserted error." (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1672, italics added.)

We therefore conclude appellant has not established any reversible error relating to the trial court's child support order.

## II

*Appellant Has Not Established Reversible Error With The Child Custody Order*

Appellant challenges the child custody order by asserting there was an "incorrect basis of custody determination." (Capitalization omitted.) Appellant explains, "The trial court erred in making the determination based off a charges [*sic*] of '[a]ssault with a [d]eadly [w]eapon[.']  In which, [appellant] was never convicted." Appellant continues, "The trial court improperly considered a dismissed criminal charge." Appellant again fails to cite to anything in the record to support his claim. The certified settled statement says appellant admitted to committing domestic violence against his wife and "readily admit[ted] he was arrested and admit[ted] that he was convicted of Penal Code [section] 245[, subdivision (a)(1)], [a]ssault with a [d]eadly [w]eapon or [f]orce [l]ikely to [p]roduce [g]reat [b]odily [i]njury, a felony." Appellant provides no analysis or

6

citations to the record establishing the trial court incorrectly summarized appellant's testimony in the settled statement. Appellant therefore fails to establish reversible error here.

Appellant's two other claims of error for the custody order assert the trial court failed to consider respondent's substance abuse and emotional abuse. Appellant asserts this violated Code of Civil Procedure section 473, subdivision (b). But appellant does not explain *how* the trial court violated Code of Civil Procedure section 473, subdivision (b), nor how this would require reversal. Conclusory analysis is insufficient to establish error. (*Hernandez v. First Student, Inc.*, *supra*, 37 Cal.App.5th at p. 277 ["We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [the appellant] wants us to adopt' "].) Appellant therefore fails to establish reversible error here and we conclude appellant has not established any reversible error relating to the trial court's child support order.

## DISPOSITION

The orders are affirmed. Respondent shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/_____
ROBIE, Acting P. J.

We concur:



/s/_____
DUARTE, J.



/s/_____
RENNER, J.